IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :
        Plaintiff        :
                          :
                          :
        v.        :   CRIMINAL NO. 1:CR-05-216
                          :
                          :
DAMASO CEDENO,
        Defendant        :

*M E M O R A N D U M*

I.   *Introduction*

        Defendant, Damaso Cedeno, pled guilty to a violation
of 21 U.S.C. § 841(a)(1), possession of powder cocaine with
intent to distribute. He was sentenced to the statutory minimum
sentence of 120 months. He has filed a pro se motion under 28
U.S.C. § 2255 to vacate his conviction and sentence.

        The principal issue presented by the motion is whether
trial counsel was ineffective in not properly presenting
Defendant's claim that he was entitled to a reduction in
sentence based on the safety valve. *See* 18 U.S.C. § 3553(f).
Defendant failed to qualify for a safety-valve reduction because
the court concluded that he had not truthfully provided all
information he had about the offense before sentencing, as
required by subsection (f)(5). Defendant contends that he could
have satisfied this requirement absent counsel's ineffectiveness
in various ways.

Defendant also makes the following claims of ineffective assistance of counsel: (1) failure to pursue a motion to suppress the cocaine and inducing Defendant to plead guilty instead, or alternatively, failure to advise Defendant to enter a conditional guilty plea so that any suppression issues could be preserved for appeal after a plea of guilty; (2) failure to object at sentencing that the court penalized Defendant for not accepting a cooperation guilty plea; (3) failure to advise the court at sentencing that the court had not asked Defendant if Defendant had read the presentence report (PSR) or had had it read to him, a violation of Fed. R. Crim. P. 32(i)(1)(A); and (4) failure to advise the court that in sentencing Defendant it had not considered the factors set forth in 18 U.S.C. § 3553(a) nor had it stated the reasons for its sentence, as required by 18 U.S.C. § 3553(c).

II.   *Background*

In June 2005, Defendant was named in a two-count indictment. Count I charged him with possession with intent to distribute about eight kilograms of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and count II with traveling in interstate commerce between Georgia and Rhode Island for the unlawful distribution of cocaine hydrochloride.

The cocaine had been found as the result of a traffic stop and a search of Defendant's vehicle, a consensual search

according to the state trooper who made the stop. Defendant had

filed a motion to suppress the cocaine but when the motion came

up for a hearing, defense counsel withdrew the motion,

explaining that after he filed it, he had discussed the case

with the trooper, had reviewed the trooper's report, and had

concluded that the motion had no merit. He so advised Defendant.

(Doc. 86, proceedings on withdrawal of suppression motion, p.

3). Counsel also commented that "even though my client's

statements to me aren't really in conflict with what the trooper

would say, what the trooper would say would, in my opinion, lead

to a decision that would be against my client." (*Id.*). Counsel

stated that he was looking into whether the case could be

disposed of in some other fashion. (*Id.* at pp. 2-3). During the

same proceedings, Defendant testified that he wanted to withdraw

the motion even though he knew the cocaine would be admissible

at trial and if he withdrew the motion, he could not raise it

again. (*Id.* at p.3).

      On December 28, 2005, Defendant pled guilty to count

I. There was no written plea agreement. Defendant agreed that

the court would make a finding of drug quantity at sentencing,

(doc. 75, change-of-plea hearing, pp. 2-3), and the government

said it would dismiss count II.

      As part of the guilty-plea proceedings, the prosecutor

recited the case against Defendant. Defendant had been traveling

north on I-81 and was stopped by a Pennsylvania state trooper

for going about ten miles above the speed limit. Defendant was given a warning and was told he was free to leave, but the trooper then asked if Defendant would agree to answer some questions. After asking the questions, the trooper asked if Defendant would consent to a search of his vehicle, and Defendant agreed. The trooper found a steel box welded to the bottom of the vehicle. A search warrant was obtained at that point. A search of the car revealed a small door under the carpet in the rear that opened into the box. Approximately eight kilograms of cocaine were recovered from the box. (*Id.*, pp. 8-9).

At the change-of-plea hearing, Defendant again acknowledged that by pleading guilty he was giving up his right to question the validity of the stop made by the trooper, the trooper's interaction with him at the scene, the trooper's search of the vehicle, and any other matter Defendant might want to pursue in the future. (*Id.*, p. 10).

A PSR was prepared. Defendant had no criminal record, so his criminal history category was I. His offense level was 29, giving him a sentencing range of 87 to 108 months, but under 21 U.S.C. § 841(b)(1)(A), his sentence was 120 months, the statutory minimum for his offense.

Sentencing was originally scheduled for May 4, 2006, but upon Defendant's motion was rescheduled for May 31, 2006. The day before sentencing, Defendant filed a supplemental

4

sentencing memorandum requesting the benefit of the safety-valve
provision at 18 U.S.C. § 3553(f). Under that provision, a
defendant guilty of a section 841 violation can be given a
sentence below the statutory minimum if he satisfies five
factors. The only one at issue in this case is the fifth one,
whether before sentencing Defendant truthfully provided to the
government all information and evidence he had about the
offense. A defendant may qualify for the safety-valve reduction
even if the information is not useful, or that the government is
already aware of it. *Id.*, § 3553(f)(5).[1]

Defendant asserted he satisfied this factor, in part,
by his admissions in an affidavit attached to the sentencing
memorandum. In the affidavit, Defendant affirmed that he had
agreed with a person named Juan to drive the cocaine to a
"certain place in Rhode Island," and "to an individual whose
identity was unknown to him." Defendant also admitted he was to

---

[1] The other factors are:

> (1) the defendant does not have more than 1
> criminal history point, as determined under the
> sentencing guidelines; (2) the defendant did not
> use violence or credible threats of violence or
> possess a firearm or other dangerous weapon (or
> induce another participant to do so) in
> connection with the offense; (3) the offense did
> not result in death or serious bodily injury to
> any person; (4) the defendant was not an
> organizer, leader, manager, or supervisor of
> others in the offense, as determined under the
> sentencing guidelines and was not engaged in a
> continuing criminal enterprise, as defined in
> section 408 of the Controlled Substances Act; .
> . . .

be paid $4,000 but denied that he had seen the drug or knew where it was concealed in the car.

Based on the foregoing, defense counsel argued at sentencing that Defendant was entitled to the reduction. The prosecutor objected, questioning Defendant's veracity because the only information the government had received til then was essentially that Defendant did not know much about anything except that he had been asked to drive a car. The prosecutor also said that the government had had no opportunity to interview Defendant. In response, defense counsel asserted that the affidavit revealed more detail, essentially providing the court with all the information Defendant had, including that he did not know the name of the recipient of the cocaine. (Doc. 62, sentencing transcript, pp. 3-5).

The court commented that it was difficult to believe that a person who was transporting cocaine, and who was going to receive $4,000 for doing so, did not know where he was going and whom he was going to see. (*Id.*, pp. 5-6). The prosecutor concurred, saying that the government had been given no chance to narrow the story with Defendant by, for example, asking him on what street corner he was going to deliver the cocaine. (*Id.*, p. 6).

Defense counsel replied that he supplied in the affidavit the information he had been given but that Defendant could testify at that time to any other information that would

satisfy subsection (f)(5). (*Id.*, pp. 7-8). The court declined,
saying that it was going to proceed to sentencing but that any
other information Defendant had could be dealt with in a Fed. R.
Crim. P. 35 motion. (*Id.*, pp. 8-9). The court then sentenced
Defendant to 120 months, the statutory minimum. It did not
discuss any of the factors in 18 U.S.C. § 3553(a). It did not
ask Defendant if he had read the PSR or if it had been read to
him.

Defendant took a direct appeal, arguing that he could
not be held accountable for the entire weight of the cocaine
since he did not know how much he was transporting and that the
court erred in not giving him a safety-valve reduction. The
Third Circuit affirmed, noting on the second issue that the
district court could reasonable question the veracity of a
person who had agreed to deliver cocaine but who could not say
to whom he was to make the delivery or how he was going to do
it. The Supreme Court denied a petition for a writ of
certiorari.

III. *Discussion*

A. *The Safety-Valve Claim*

On the safety-valve issue, Defendant asserts his
lawyer was ineffective in several ways. First, counsel never
told him he had to meet with the government before sentencing in
order to benefit from the safety valve. Second, his attorney

prepared an affidavit lacking the information necessary to qualify Defendant for the safety valve and just gave him an affidavit in which Defendant was supposed to fill in the blanks. Third, counsel failed to seek a continuance of sentencing so that Defendant could reveal all that he knew to preserve the issue for appeal.

Defendant adds some information that he apparently believes will meet the court's concern about his truthfulness, the issue that caused the court to reject the request for a safety-valve reduction. Defendant asserts that while "he didn't know the receiver of the vehicle he was paid to take to Rhode Island," "[h]e was going to be contact[ed] by phone as soon as he get (sic) to Rhode Island, to meet with the person." (Doc. 78, p. 8). He otherwise continues to insist that he did not know the persons involved in the drug transaction, only "Juan," the one who gave him the keys to the vehicle.

To prevail on an ineffectiveness claim, "a defendant must show that counsel's performance was deficient, and that this prejudiced the defense." *Taylor v. Horn*, 504 F.3d 416, 430 (3d Cir. 2007). Prejudice is shown if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984)).

We do not believe counsel's performance was deficient, but we can resolve this claim on the lack of prejudice. The court concludes that Defendant still would not qualify for the safety-valve reduction because he is still being untruthful about his knowledge of the offense. Defendant still has not revealed where he was supposed to go in Rhode Island, and how the person who was to contact him was to make that contact. Defendant's safety-valve claim thus fails because he cannot show that in this regard the outcome of the case would have been different.

> B.   *Counsel's Failure to Pursue a Motion to Suppress the Cocaine and Inducing Defendant to Plead Guilty Instead, or Alternatively, His Failure to Advise Defendant to Enter a Conditional Guilty Plea*

Defendant asserts his lawyer was ineffective in failing to pursue the motion to suppress the cocaine and instead induced Defendant to plead guilty. Alternatively, he contends that counsel failed to advise him he could have entered a conditional guilty plea while preserving the suppression issues.

"It is well established that a criminal defendant's unconditional, knowing and voluntary plea of guilty waives all non-jurisdictional issues." *Washington v. Sobina*, 475 F.3d 162, 165 (3d Cir. 2007)(per curiam)(cited cases omitted). Hence, Defendant's allegation here, standing alone, that his lawyer failed to pursue the suppression motion and instead convinced

him to plead guilty is deficient since the allegation does not challenge the validity of the guilty plea. *See United States v. Huff*, 873 F.2d 709, 712 (3d Cir. 1989)(the defendant's challenge to the voluntariness of his statements would not be entertained on appeal because he had entered an unconditional guilty plea).

In the alternative, Defendant asserts that his counsel was ineffective in failing to advise him that he could have entered a conditional guilty plea that would have preserved his suppression issues for appeal. Generally, such a claim is cognizable, *see Conaway v. United States*, No. 00-CR-4, 2006 WL 3253397, at *2 (M.D. Ga. Nov. 8, 2006); *United States v. Fisher*, 772 F.2d 371, 373 (7th Cir. 1985), but, as noted above, like any other ineffectiveness claim, Defendant must show that counsel's performance was deficient and that the defense was prejudiced as a result.

Defendant cannot make that showing here. First, counsel's performance was not deficient. As the government points out, the record establishes that counsel reviewed the merits of the suppression motion and concluded it had none, commenting that "my client's statements to me aren't really in conflict with what the trooper would say . . ." Second, because a suppression motion that lacked merit would not have succeeded, Defendant cannot show prejudice.[2] We add that Defendant twice

---

[2] In his 2255 motion, Defendant argues that the search was illegal because he does not read, write or speak English and so could not have given valid consent to the search. However, we are satisfied with counsel's on-the-record explanation as to why a suppression

acknowledged on the record that his plea of guilty meant that he could not later pursue his suppression issues.

      C.   *Failure to Advise the Court at Sentencing that the Court Had Not Asked Defendant Whether Defendant Had Read the PSR or Had Had It Read to Him, a Violation of Fed. R. Crim. P. 32(i)(1)(A)*

Fed. R. Crim. P. 32(i)(1)(A) requires the court at sentencing to "verify that the defendant and defendant's attorney have read and discussed the presentence report and any addendum to the report." We failed to comply with this requirement, but when a court's failure to do so is raised for the first time on direct appeal, the Third Circuit employs a harmless-error analysis and requires some showing of prejudice. *United States v. Stevens*, 223 F.3d 239, 246 (3d Cir. 2000). We will likewise require a showing of prejudice in these collateral proceedings, but Defendant has alleged none. He relies solely on the fact that we did not verify that he and his attorney had read and discussed the PSR; he does not allege that he in fact did not read the report or discuss it with his attorney. In a case Defendant himself cites, *United States v. Soltero*, 506 F.3d 718 (9th Cir. 2007), opinion amended in *United States v. Soltero,* 510 F.3d 858 (9th Cir. 2007), *petition for cert. filed*, No. 07-9900, (U.S. Mar. 12, 2008), the Ninth Circuit said the

---

motion would have no merit. We add that Defendant, a citizen of the Dominican Republic, has been in the United States since 2002 (Doc. 75, change-of-plea hearing, p. 5), and during his appearances for his change of plea and sentencing spoke English.

purpose of the rule was to allow the defendant to dispute facts
in the PSR, 510 F.3d at 862, but that the defendant did not
allege any such disputed facts. Hence, under a harmless-error
analysis, the defendant had failed to show prejudice. *Id.* at
863-64. Similarly, Defendant here does not allege that any of
the facts in the PSR were wrong and thus also does not establish
prejudice.

Even if any of the facts were wrong, Defendant could
not show prejudice. The PSR calculated his guideline range as 87
to 108 months, but under 21 U.S.C. § 841(b)(1)(A), his sentence
was 120 months, the statutory minimum for his offense, so any
error in the PSR had no bearing on the sentence. *See also United
States v. Tikulin*, 46 Fed. Appx. 672, 674 (3d Cir. 2002)
(nonprecedential) (alleged failure to comply with Rule 32 during
sentencing was not prejudicial as the defendant "received the
minimum possible custodial sentence authorized by the
Guidelines"). *See also United States v. Langford*, 516 F.3d 205,
215 (3d Cir. 2008)("In the typical case in which an error in the
calculating of Sentencing Guidelines has been held harmless, the
sentence was dictated not by the erroneously calculated
Guideline, but by a statutory minimum or maximum or another
properly calculated Guideline.").[3]

---

[3] We note that Defendant also cites the Sixth Circuit's decision
in *United States v. Osborne*, 291 F.3d 908, 910-11 (6th Cir. 2002),
which would apparently not require prejudice, but the Third Circuit's
approach is different.

     D.    *Failure to Advise the Court that in Sentencing*
            *Defendant It Had Not Considered the Factors Set*
            *Forth in 18 U.S.C. § 3553(a) Nor Had It Stated*
            *the Reasons for its Sentence, As Required by*
            *18 U.S.C. § 3553(c)*

Defendant contends that his counsel failed to advise the court that in sentencing Defendant it had not considered the factors set forth in 18 U.S.C. § 3553(a) nor had it stated the reasons for its sentence, as required by 18 U.S.C. § 3553(c).

We reject this claim. We did not consider the factors set forth in section 3553(a) because Defendant was sentenced to the statutory minimum. As to section 3553(c), the reason for that rule is to allow meaningful appellate review. *United States v. Ali*, 508 F.3d 136, 153-54 (3d Cir. 2007). Meaningful appellate review was available for our sentence because it was the statutory minimum.[4]

IV.   *Conclusion*

Having considered all of the claims, we will issue an order denying the 2255 motion. The order will also deny a certificate of appealability, based on the analysis in this memorandum. However, Defendant is advised that he has the right for sixty (60) days to appeal our order denying his 2255 motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of

---

[4] We note that Defendant also claims that counsel failed to object at sentencing that the court penalized Defendant for not accepting a cooperation guilty plea. We reject this claim because we did not penalize Defendant for not cooperating with authorities. Indeed, as noted above, we simply gave him the statutory minimum.

appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Federal Rule of Appellate Procedure 22.

<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge

Date: September 25, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
      Plaintiff              :
                           :
                           :
      v.                     :   CRIMINAL NO. 1:CR-05-216
                           :
                           :
DAMASO CEDENO,
      Defendant              :

*O R D E R*

AND NOW, this 25th day of September, 2008, it is
ordered that:

    1.  Defendant's motion (doc. 78) under 28
U.S.C. § 2255 is denied.

    2.  A certificate of appealability is
denied.

    3.  The Clerk of Court shall close this
file.

                   /s/William W. Caldwell
                   William W. Caldwell
                   United States District Judge